IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 19, 2010 Session

## DISCOVER BANK v. JOY A. MORGAN

**Appeal from the Circuit Court for Sevier County**
**No. 2006-0172-II      Richard R. Vance, Judge**

**No. E2009-01337-COA-R3-CV  - FILED MAY 19, 2010**

This lawsuit began as a collection claim filed by Discover Bank ("Discover") against Joy A. Morgan ("Morgan") for $16,341.52. Discover claimed Morgan owed this amount on a credit card originally issued to Morgan's husband, now deceased. Morgan filed an answer and counterclaim, asserting a claim for libel as well as claims pursuant to the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, and the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq*. Morgan's attorney gave Discover's original attorney an extension of time in which to file an answer to the counterclaim. After this extension of time had run, Morgan's attorney warned Discover's attorney that a motion for default judgment would be filed if an answer was not filed within fourteen days. When Discover failed to file an answer within the fourteen days, Morgan filed a motion for default judgment. Discover's attorney failed to show up for the hearing and a default judgment was awarded to Morgan. Discover filed a Motion to Set Aside Default Judgment "pursuant to Rule 60.02. . . ." This motion was denied. Following a later hearing on damages, Morgan was awarded compensatory damages totaling $125,200, which the Trial Court then trebled under the Tennessee Consumer Protection Act. After obtaining new counsel, Discover filed a motion to alter or amend the judgment, which was denied. Discover now appeals. We affirm the Trial Court's Order denying Discover's motion to alter or amend the judgment and set aside the default judgment. We, however, vacate the award of damages and remand for a new hearing on the amount of damages and also to determine reasonable attorney fees incurred by Morgan on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit**
**Court Affirmed in Part and Vacated in Part; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Gary C. Shockley, Nashville, Tennessee, and Ronald S. Range, Jr., Johnson City, Tennessee, for the Appellant, Discover Bank.

Jennifer L. Chadwell, Oak Ridge, Tennessee, for the Appellee, Joy A. Morgan.

## OPINION

### Background

This lawsuit began in 2006 when Discover sued Morgan claiming she was responsible for debts incurred on a Discover credit card in the amount of $16,341.52. The primary account holder was Morgan's husband, who was deceased when the lawsuit was filed. Discover sought a judgment for $16,341.52, plus interest and attorney fees.

Morgan filed an answer and counterclaim. In her answer, Morgan denied being liable for the amount owed on the credit card. According to Morgan, she never entered into any contractual arrangement with Discover. Morgan claimed that while she was an authorized user on the credit card, the card had been issued to Sidney Morgan, her late husband. Morgan generally denied any liability to Discover. In her counterclaim, Morgan alleged that her late husband was the primary and only account holder, although she again acknowledged that she was an authorized user on the card. Morgan claimed that pursuant to the Card Member Agreement, the primary account holder was liable for any and all charges made on an account by an authorized user, but not vice versa. Morgan denied ever entering into any contract with Discover.

According to Morgan, she initially was informed by Discover after her husband's death that she would not be responsible for the outstanding balance. She was instructed to send Discover a copy of her husband's death certificate, which she did. Notwithstanding what she was told, Discover began pursuing collection efforts against Morgan. Morgan asserted that Discover called her on a daily basis and sent collection notices to her home. Morgan further alleged:

> Discover Bank's attorney was contacted by Mrs. Morgan's counsel [who] informed Discover Bank's counsel that Mrs. Morgan was not a joint account holder on this account, but an authorized user only and according to the terms of Discover Bank's own agreement, [she was] not liable on this account.

-2-

However, Discover Bank continued to pursue collection of this account against Mrs. Morgan.

In pursuing payment of this account from Mrs. Morgan, Discover Bank reported the nonpayment of this account to the credit reporting agency. This account had been placed on her credit report and has seriously injured Mrs. Morgan's credit rating.

Due to the presence of the collection action on Mrs. Morgan's credit report, and injury to her credit score due to Discover Bank's actions, Mrs. Morgan has been unable to refinance her property as she had anticipated at a lower interest rate. She has continued to pay a higher interest rate on her mortgage due to her inability to be approved for refinancing at a lower rate. Chase Home Finance refused to refinance her property due to her credit score not being at least 660. Prior to the collection actions reported by Discover Bank to the credit reporting agency, Mrs. Morgan would have qualified for this refinancing. The refinancing of her property would have lowered her interest rate from an 8%, 15 year variable interest rate to a fixed 30 year, 6.25% interest rate and would have lowered her monthly mortgage payments by at least $200.00 a month for at least 15 years.

Due to Discover Bank reporting the collection actions to the credit reporting agency, other credit companies have cancelled Mrs. Morgan's credit with them. Specifically, in July 2005, MBNA closed three accounts Mrs. Morgan had with them. Mrs. Morgan's available credit at the time of the closing of these accounts was $31,500.00. . . . Prior to the reporting of [Discover's] account to the credit reporting agencies, Mrs. Morgan had $123,400.00 available credit. After this account was reported as delinquent by Discover, her credit accounts had [been reduced to] . . . $18,000.00.

In addition to the foregoing, Morgan claimed that due to the delinquency being reported to the credit agencies, the interest rate on one of her credit cards was increased from 11.24% to 29.99%. Morgan brought various claims against Discover, including a claim for libel, violation of the federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*.,

violation of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, and violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq.*[1]

Morgan's answer and counterclaim were filed on January 31, 2007. When no timely answer to the counterclaim was filed, then attorney for Discover, John M. Richardson, Jr., ("Richardson")[2], requested of and was granted by Morgan's attorney an extension up to and including April 2, 2007, in which to file an answer to the counterclaim. When no answer was filed by the new agreed-upon due date, Morgan's attorney sent a letter to Richardson informing him that a motion for default judgment would be filed if Discover's answer was not received within fourteen days. When that fourteen day period elapsed and still no answer was forthcoming, Morgan filed a motion for default judgment on May 4, 2007. A hearing on the motion for default judgment was scheduled for May 22, 2007. Discover's attorney, Richardson, received proper notice of the hearing, but on the day of the hearing, Richardson failed to attend. In addition, Discover still had not filed an answer to the counterclaim and had filed no response to the motion for default judgment. Not surprisingly, the Trial Court granted Morgan's motion for default judgment as to liability and informed Morgan that a hearing on damages would be scheduled in the near future. The order granting the motion for default judgment as to liability was entered the same day of the hearing, i.e., May 22, 2007.

On June 8, 2007, Discover filed a motion to set aside the default judgment pursuant to Tenn. R. Civ. P. 60.02. In this motion, Discover claimed that Richardson made an "inadvertent error" and documented the wrong hearing date on his calendar. Discover claimed that "[t]his type of inadvertent error is excusable pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure." No affidavit was filed in support of this motion.

Morgan responded to the motion to set aside default judgment. Morgan argued the motion to set aside should be denied because: (1) the counterclaim was filed on January 31, 2007; (2) Discover received an extension until April 2, 2007, in which to file its answer to the counterclaim; (3) when no answer was filed by April 2, 2007, counsel for Morgan sent a letter to Richardson on April 13, 2007, advising him that if an answer was not received within the next fourteen days, a motion for default judgment would be filed; (4) when that

---

[1] Morgan eventually dismissed her claim brought pursuant to the Fair Debt Collections Practices Act.

[2] Attorney John M. Richardson, Jr., works with attorney Steven T. Richardson at the John M. Richardson, Jr., P.C. law firm in Clarksville. The vast majority of the signature lines on pleadings filed by Discover before retaining new counsel contained one signature line, but had both the names of John M. Richardson Jr., and Steven T. Richardson typed under that line. The signature is very difficult to read, but it appears that the pleadings were being signed by John M. Richardson, Jr., although Steven Richardson was the attorney representing Discover at the hearing on April 29, 2008 discussed later in this Opinion.

fourteen day period elapsed and still no answer was received, the motion for default judgment was filed on May 4, 2007; (5) as of May 22, 2007, which was the day of the hearing on the motion for default judgment, no response had been filed either to the counterclaim or to the motion for default judgment; and (6) neither Discover nor its attorney were present at the May 22 hearing even though proper notice had been sent. Morgan also argued in her response that calendar errors were not properly considered excusable neglect under Rule 60.

Over one year after the counterclaim was filed, on February 18, 2008, Richardson filed an answer to the counterclaim on Discover's behalf. That same day, Discover filed an amended motion to set aside the default judgment "pursuant to Rule 60 of the Tennessee Rules of Civil Procedure. . . ." Discover claimed that Morgan held herself out as the primary account holder on the Discover card, and that on September 14, 2004, Discover approved a balance transfer of $14,500 from a Chase credit card. Discover asserted that this transfer occurred after Morgan's husband had passed away. Discover further alleged that Morgan continued to use the Discover card after her husband's death, including for the purchase of airline tickets.

Morgan responded to the amended motion to set aside default judgment, claiming that her husband had initiated a balance transfer from the Discover card to a Chase card prior to his death. Morgan claimed that since her husband had just died, she thought it was appropriate to transfer the money back to the Discover card. Morgan admitted that she had purchased airline tickets on the Discover card after her husband's death.

In March of 2008, Morgan filed a motion to dismiss the original complaint filed against her by Discover. According to Morgan, the "allegations contained in the Complaint filed by Discover Bank and the allegations contained in the Counter-Complaint are mutually exclusive of one another." Because a judgment for Morgan had already been entered on the counterclaim, Morgan asserted that the original complaint filed by Discover must be dismissed. The Trial Court agreed and on March 20, 2008, it dismissed the original complaint filed by Discover. Discover filed a motion to set aside the dismissal of its complaint, but that motion was denied.

On April 4, 2008, the Trial Court entered an order denying Discover's motion to set aside the default judgment. The Trial Court noted that the basis upon which Discover was attempting to set aside the default judgment was "excusable neglect." The Trial Court then stated that failing to timely file an answer and failing to appear at the default hearing did not constitute "excusable neglect."

A hearing on Morgan's request for damages was conducted on April 29, 2008. Following that hearing, the Trial Court entered an order awarding Morgan actual damages of $125,200, which it then trebled pursuant to the Tennessee Consumer Protection Act, resulting in a total damage award of $375,600. The Trial Court also awarded Morgan attorney fees of $4,460.00.

On May 7, 2008, Discover retained new counsel. Soon thereafter, Discover filed a motion to alter or amend the judgment pursuant to Tenn. R. Civ. P. 59.04. As grounds for this motion, Discover alleged:

> 1) [the final judgment] is based on the previous interlocutory Default Judgment entered against Discover, and the Court and the parties incorrectly evaluated Discover's motion to set the Default Judgment aside under Rule 60.02 as if it were a final judgment, rather than under Rule 54.02 which applies to interlocutory orders which provides that the order was subject to revision at any time; 2) even if Rule 60.02 had applied (and Discover submits that it did not), Discover clearly satisfied Rule 60.02's more lenient standards applicable to setting aside default judgments, and the Court erred in analyzing Discover's motion to set aside under the comparatively higher Rule 60.02 standards applicable to setting aside judgments after a trial; 3) Discover not only has meritorious defenses to Defendant/Counter-Plaintiffs claims, but her claims in fact fail to state a claim upon which relief can be granted; 4) Discover itself (as distinguished from its prior counsel) had no knowledge of the motion for default judgment, entry of the Default Judgment, or counsel's efforts to set the Default Judgment aside until May 1, 2008, almost one year after the Default Judgment was entered and after the final hearing on Defendant/Counter-Plaintiff's alleged damages; 5) Defendant/Counter-Plaintiff has admitted facts that almost certainly establish her liability on the account at issue, whether or not she is an account holder; and 6) the vast majority of Defendant/Counter-Plaintiff's damages were based solely on an alleged reduction in her available credit - that is, reduction in the amount she could borrow which she would then *owe* to one or more creditors - but under the Court's judgment, Discover must pay the amount by which her credit was reduced and she owes no one. (emphasis in the original)

Not surprisingly, Morgan opposed Discover's motion. A hearing was held in January 2009, following which the Trial Court entered an order denying Discover's motion to alter or amend the judgment. The Trial Court awarded Morgan an additional $2,000 in attorney fees for having to defend the motion.

Discover appeals raising the following issues, which we take verbatim from its brief:

> Did the trial court err in denying Discover's Rule 59.04 Motion to Alter or Amend Judgment given that:
>
> A. The trial court incorrectly applied Rule 60, rather than Rule 54, in evaluating Discover's Motions to Set Aside the court's previous Order of "Default Judgment," which was not a final judgment because it adjudicated fewer than all the claims of all the parties.
>
> B. In the alternative, even if Rule 60 properly had applied to Discover's Motions to Set Aside the trial court's Order of "Default Judgment," Discover satisfied Rule 60's excusable neglect standards for setting aside default judgments.
>
> C. In the alternative, even if Rule 60 properly had applied to Discover's Motions to Set Aside the trial court's Order of "Default Judgment" and Discover failed to satisfy Rule 60's excusable neglect standards, the $380,060 in damages assessed against Discover was erroneous and unsupported by competent evidence.

Morgan asks this Court to affirm the judgment of the Trial Court in its entirety. Morgan also requests an award of attorney fees incurred on appeal.

### Discussion

We review a trial court's ruling on a Tenn. R. Civ. P. 59.04 motion to alter or amend a judgment using the abuse of discretion standard. *See Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003); *Linkous v. Lane*, 276 S.W.3d 917, 924 (Tenn. Ct. App. 2008). As noted by our Supreme Court:

An abuse of discretion is found only when a trial court has "'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" *State v. Stevens*, 78 S.W.3d 817, 832 (Tenn. 2002) (quoting *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997)). The abuse of discretion standard does not permit an appellate court to merely substitute its judgment for that of the trial court. *See Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

*Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003). *See also Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) ("Under the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to propriety of the decision made.'")(quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000)).[3]

Discover's first issue is its claim that the Trial Court erred when it applied the standards applicable to Tenn. R. Civ. P. 60 motions, as opposed to the standards applicable to Rule 54 motions, when evaluating Discover's original motion to set aside entry of the default judgment. Discover argues that because the default judgment as to liability was not a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, that order was subject to revision at any time and the Rule 60 requirements did not apply.[4]

The problem with Discover's position is that the motion as filed by Discover states that it was being filed "pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure" and that its attorney had committed "inadvertent error [that should be considered] excusable pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure." Discover later amended its motion and the amended version still indicated that it was being filed "pursuant to Rule 60 of the Tennessee Rules of Civil Procedure. . . ."

---

[3] We likewise review a trial court's ruling on a Tenn. R. Civ. P. 60.02 motion for relief from a final judgment using the abuse of discretion standard. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003). The abuse of discretion standard also is applied under Rule 54.02. *See Harris v. Chern* 33 S.W.3d 741, 746 (Tenn. 2000) ("A trial court's ruling on a motion to revise pursuant to Rule 54.02 will be overturned only when the trial court has abused its discretion. *See Donnelly v. Walter*, 959 S.W.2d 166, 168 (Tenn. Ct. App. 1997).").

[4] Tenn. R. Civ. P. 55.02 provides that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." In *Patterson v. SunTrust Bank*, No. E2009-01947-COA-R3-CV, 2010 WL 1741377 (Tenn. Ct. App. Apr. 30, 2010), we held that the term "default judgment" contained in Rule 55.02 refers to a final judgment resolving all issues including liability and damages.

In pertinent part, Tenn. R. App. P. 36(a) provides that "[n]othing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Discover explicitly stated several times to the Trial Court that the motion and amended motion were being filed pursuant Tenn. R. Civ. P. 60.02. In addition, Discover argued that it was entitled to relief pursuant to that particular Rule. When ruling on the motion and amended motion, the Trial Court was addressing the specific issues raised by Discover, i.e., whether the default judgment should be set aside pursuant to Rule 60.02.

We decline to hold that the Trial Court erred by addressing the specific issues raised by Discover in its motions. If the Trial Court should have analyzed the motion and amended motion pursuant to Rule 54, then it was Discover who led the Trial Court astray. In short, if any error was committed, Discover was the party responsible for that error. Tenn. R. App. P. 36(a). We affirm the judgment of the Trial Court on this issue.

Discover next argues that even if the Trial Court was correct when it relied on Rule 60 to resolve its motion to set aside the default judgment, it nevertheless erred when it concluded that Discover was not entitled to relief pursuant to that Rule. In support of this position, Discover argues, among other things, that its action were not willful and that Richardson's calendaring error constituted excusable neglect. Discover had the burden of showing it was entitled to relief pursuant to Rule 60. *See Holly v. Holly*, No. M2007-02130-COA-R3-CV, 2008 WL 2695656, at *3 (Tenn. Ct. App. July 9, 2008), *no appl. perm. appeal filed* ([T]he party seeking Rule 60 relief [has] the burden of proving that such relief was warranted . . . ."). Discover correctly argues that "[m]otions to set aside default judgments are not viewed with the same strictness that motions to set aside judgments after a hearing on the merits are viewed. Rather, such motions are construed liberally in favor of granting the relief requested." *Clark Power Services, Inc. v. Mitchell*, No. E2007-01489-COA-R3-CV, 2008 WL 2200047. at *2 (Tenn. Ct. App. May 27, 2008), *no appl. perm. appeal filed*.

The record on appeal contains only an unsupported and unsworn allegation in a motion that the reason Richardson did not show up for the May 22, 2007, hearing on the motion for default judgment was because he "documented the wrong hearing date on his calendar." However, Richardson has never filed an affidavit to support this assertion. In addition, while the alleged calendering error *may* offer some excuse for Richardson not attending the default hearing, it offers no explanation as to why an answer was not filed until almost one year late. In short, Discover has offered no affirmative evidence to support its allegation that the failure to timely file the answer constituted excusable neglect and was not

willful.[5]  *See Pryor v. Rivergate Meadows Apartment Associates Limited Partnership*, No. M2008–02586-COA-R3-CV, 2009 WL 1181343 (Tenn. Ct. App. May 1, 2009), *app. denied Nov. 23, 2009*, ("To meet [the burden under Rule 60], the movant must 'set forth in a motion or petition *and supporting affidavits* facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect.'" *Id*. at \*3 (quoting *Tennessee State Bank v. Lay*, 609 S.W.2d 525, 527 (Tenn. Ct. App. 1980)) (emphasis added).  Accordingly, we do not conclude that the Trial Court's refusal to set aside the default judgment pursuant to Rule 60.02 constituted an abuse of discretion.

Discover's final issue is its claim that the Trial Court erred in the amount of damages awarded to Morgan.  Morgan testified at the hearing on damages.  Morgan stated that her husband passed away on August 27, 2004.  According to Morgan, she was not a joint account holder on the Discover card.  Morgan testified that for a while, she continued to make payments on the Discover card after her husband passed away.  She made a total of $1,200 in payments which more than covered the cost of the airline ticket she purchased on the card after her husband's death.  After she stopped making payments, she started receiving collection letters and collection calls.  The delinquency was reported on Morgan's credit report beginning in February of 2005.  As of the date of the hearing, it was still on her credit report as a delinquency.

Prior to her husband passing away, Morgan had two credit cards, one with Citi Bank and another with Chase.  On May 5, 2005, Morgan's available credit on these two cards was $123,400.  As of the date of the hearing, Morgan had $5,500 in available credit.  In February of 2005, her credit accounts started being cancelled and her interest rates began to increase.  The interest on one of her cards increased from 14% to 29.99%.  Prior to February of 2005, Morgan had never applied for a credit card and been denied.  After February of 2005, she applied for and was denied a Sears credit card.

After the delinquency appeared on her credit report, Morgan unsuccessfully attempted to refinance her home.  Although she could not obtain refinancing, she was able to obtain a home equity line of credit.  The interest rate on the line of credit was higher than what she would have received had she been able to refinance.  Other than the negative effects surrounding the Discover card, Morgan had no other negative information on her credit report.

---

[5] At the hearing on damages, attorney Steven Richardson informed the Trial Court that he had prepared and filed an affidavit discussing the events surrounding the late filing of the answer.  If such an affidavit was filed, it is not in the record on appeal.

Following the hearing, the Trial Court awarded Morgan a judgment from the bench, stating as follows:

> The Court has considered the testimony, proof, statements and arguments of counsel on the issue of damages.
>
> Three causes of action are alleged. Violation of the Federal Credit Reporting Act, Tennessee Consumer Protection Act, [and libel.]
>
> What's been shown to the Court here today is direct costs of additional credit expenses through higher interest rate and financing through a Home Equity Line of Credit at a higher rate and the loss of credit.
>
> The reduction in the available credit as specified, a significant reduction. $117,900.00; $6800.00 in higher Home Equity Costs; additional $500.00 in higher interest rates on cards, total $125,200.00. . . .

The Trial Court then trebled the damages under the Consumer Protection Act, resulting in a total award of $375,600 in compensatory damages. The Trial Court also awarded $4,460.00 in attorney fees.[6]

"The party seeking damages has the burden of proving them." *BancorpSouth Bank, Inc. v. Hatchel*, 223 S.W.3d 223, 229 (Tenn. Ct. App. 2006)(quoting *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 703 (Tenn. Ct. App. 1999)). Courts should not award damages based on mere conjecture or speculation or when "the evidence presented by the plaintiff is insufficient to enable the trier of fact to make a fair and reasonable assessment of damages." *Id*. at 229-230. While the law does not require exactness in the computation of damages, proof of damages must be "sufficiently certain to enable the trier of fact, using its discretion, to make a fair and reasonable assessment of damages." *Id*. at 230.

We agree with Discover that it was neither fair nor reasonable for the Trial Court to award Morgan compensatory damages based on a dollar for dollar amount of the decrease in her available credit. In other words, even though Morgan's available credit decreased by $117,900.00, it was error to award her compensatory damages equal to that

---

[6] As stated previously, following denial of the Rule 59.04 motion to alter or amend the final judgment, the Trial Court awarded an additional $2,000 in attorney fees.

amount. While a decrease in her available credit is something for which Morgan is entitled to reasonable compensation, awarding as damages an amount equal to the decrease in available credit is an inappropriate way in which to measure such a loss because a one dollar decrease in available credit is not proof of one dollar of actual damages. Since the decrease of available credit comprised the vast majority of the judgment awarded to Morgan, we vacate the entire amount of the judgment, and we remand this case to the Trial Court for a new hearing on the amount of damages sustained by Morgan.

In summary, we affirm the judgment of the Trial Court which denied Discover's Rule 59.04 motion to alter or amend the judgment and set aside the default judgment. However, the award of damages is vacated, and this case is remanded for a new hearing to determine the amount of Morgan's damages. Because we are affirming the default judgment against Discover as to liability pursuant to the Tennessee Consumer Protection Act, we think it is appropriate to award Morgan her attorney fees incurred on appeal. Accordingly, this case is remanded both for a new hearing on a fair and reasonable assessment of the amount of Morgan's damages, as well as a determination of the reasonable attorney fees incurred by Morgan on this appeal.

### Conclusion

The judgment of the Circuit Court for Sevier County is affirmed in part and vacated in part, and this cause is remanded to the Circuit Court for Sevier County for further proceedings consistent with this Opinion and for collection of the costs below. Exercising our discretion, costs on appeal are taxed to the Appellant, Discover Bank, and its surety.

_____
D. MICHAEL SWINEY, JUDGE

-12-