IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 28, 2010 Session

## STEPHEN BALL
v.
## THEODORE SHOCKLEY

**An Appeal from the Circuit Court for Shelby County**
**No. CT-000408-08 Div. III      Karen R. Williams, Judge**

_____

**No. W2009-01774-COA-R3-CV - October 12, 2010**

This is an appeal from the denial of a Rule 60.02 motion. The plaintiff sued the defendant for injuries arising out of a car accident. Several months later, the defendant filed a motion for summary judgment. The motion was not opposed, and was granted. The plaintiff later retained new counsel and filed a motion for relief pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. The trial court denied the plaintiff's motion for relief, commenting that even if the order were set aside, it would nevertheless grant the motion. The plaintiff now appeals. We affirm, finding no abuse of discretion by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Amanda K. Strange, Memphis, Tennessee for the Plaintiff/Appellant, Stephen Ball.[1]

Darryl D. Gresham and Harry W. Lebair IV, Memphis, Tennessee, for the Defendant/Appellee, Theodore Shockley.

---

[1] The Plaintiff/ Appellant was represented by different counsel in the trial court below.

# OPINION

## FACTS AND PROCEEDINGS BELOW

On February 24, 2007, Plaintiff/Appellant Stephen Ball ("Ball") was involved in a vehicular accident in Memphis, Tennessee, with Defendant/Appellee Theodore Shockley ("Shockley"). Ball and Shockley were both employees of the City of Memphis, and the accident occurred on a private driveway between the workplace and the employee parking lot.

In January 2008, Ball filed a lawsuit against Shockley in the Shelby County Circuit Court, alleging that Shockley was negligent. In his answer, Shockley asserted numerous defenses, including a contention that Ball's cause of action was barred by the exclusive remedy provision of Tennessee's worker's compensation statutes.

In April 2008, Shockley filed a motion for summary judgment. In the motion, Shockley claimed that he was entitled to summary judgment because Tennessee's worker's compensation statutes provided the exclusive remedy for Ball's injuries. On the same date, counsel for Shockley sent Ball's attorney a copy of the summary judgment motion.[2] On May 19, 2008, Shockley's attorney sent Ball's attorney a letter referencing a telephone conversation, notifying Ball's attorney that oral argument on the motion would be heard on May 30, 2008, and enclosing a proposed order granting the summary judgment motion. The letter stated that Shockley's attorney planned to enter the order on the day of the hearing, May 30, 2008. On May 22, 2008, Shockley's attorney faxed Ball's attorney a copy of the proposed order granting Shockley's motion for summary judgment, with a request for permission to sign the name of Ball's attorney on the order. On the same date, Ball's attorney faxed Shockley's attorney a copy of the order granting summary judgment, signed by Ball's attorney under the notation "Approved for Entry." On May 30, 2008, the trial court entered the order granting summary judgment in favor of Shockley. The order was signed by Shockley's attorney, and Shockley's attorney signed the name of Ball's attorney "with permission" under the notation "Approved for Entry."

Mr. Ball subsequently retained new counsel and, almost a year after the grant of summary judgment to Shockley, filed a motion for relief from final judgment pursuant to Rule 60.02[3]

---

[2]Ball's attorney at that time was licensed to practice in Tennessee but was located in California.

[3]Rule 60.02 states:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1)
> (continued...)

of the Tennessee Rules of Civil Procedure. Ball's motion asserted that his former counsel did not respond to Shockley's motion for summary judgment, did not appear for the hearing on the motion for summary judgment, and did not notify Ball of the hearing. The motion stated:

> 5. There are material facts and issues that Plaintiff was unable to properly place before the Court as counsel for the Plaintiff did not respond, nor appear before the Court concerning the Defendant's Motion for Summary Judgment.
> 6. It is Plaintiff's belief that these material facts and issues will result in the Court denying summary judgment to the Defendant.

The motion did not elaborate on the "material facts and issues" that Ball sought to bring to the trial court's attention. The only attachment to the motion was a copy of the May 30, 2008 order.

Shockley filed a response to the Rule 60.02 motion, explaining that, in advance of the May 30, 2008 hearing, Ball's former attorney had been served with a copy of the summary judgment motion and the proposed order granting summary judgment to Shockley. Shockley explained that Ball's former attorney decided not to oppose the summary judgment motion. Shockley argued that Ball failed to meet the burden of proof required under Rule 60.02 to obtain relief from a final judgment. In the alternative, Shockley argued that, by waiting over eleven months after entry of the final order, Ball unreasonably delayed bringing his Rule 60.02 motion, without any reasonable explanation, and thus it was untimely.

On July 1, 2009, the trial court held a hearing on Ball's Rule 60.02 motion. No evidence was submitted at the hearing; the trial court heard only argument of counsel. Ball's attorney stated that "we all would agree that it's not just ordinary negligence not to file any responsive pleadings whatsoever in a case," and asked the trial court to find that it is "gross negligence not to even file a response to pleadings, not to show up to Court, and then not to inform your

---

[3](...continued)

> mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

TENN. R. CIV. P. 60.02

client that the motion for summary judgment has been granted." Shockley argued that Ball's former attorney made a conscious decision not to oppose the summary judgment motion, and that Ball now disagreed with his former attorney's decision and sought Rule 60.02 relief on that basis. Shockley contended that, under Tennessee law, the ignorance of an attorney concerning the applicable law or rules of procedure does not constitute "mistake" within the meaning of Rule 60.02.

At the conclusion of the hearing, the trial court denied Ball's Rule 60.02 motion for relief from final judgment. In so doing, the trial judge commented: "I believe that even if the summary judgment was set aside and reargued, I would still rule in favor of [Shockley] on the issue of summary judgment. So there's no need to lining it up and relining it." The written order denying Ball's motion for relief from judgment was entered on July 30, 2009.[4] Ball now appeals the trial court's denial of his Rule 60.02 motion.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Ball maintains that the trial court erred by denying his Rule 60.02 motion for relief from final judgment, asserting that his former attorney was grossly negligent in failing to defend against Shockley's motion for summary judgment. Ball argues that the trial court indicated that it used the wrong legal standard when it stated that, even if the Rule 60.02 motion for relief were granted, its ultimate ruling on Shockley's motion for summary judgement would have remained the same. Ball argues that this is an abuse of discretion.

Relief under Rule 60.02 is considered "an exceptional remedy." *Nails v. Aetna Ins. Co.*, 834 S.W.3d 289, 294 (Tenn. 1992). The function of Rule 60.02 is "to strike a proper balance between the competing principles of finality and justice." *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976). Rule 60.02 operates as "an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Fireman's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990). However, "[b]ecause of the 'principle of finality,' the 'escape valve' should not be easily opened." *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 18 (Tenn. 1991)

---

[4]In addition to naming Shockley as a defendant, Ball's initial complaint names as defendants Does 1 through 10. However, there is no indication in the record that any defendant other than Shockley was served in this matter. "It is widely agreed that defendants who have not been served with process are not counted; a disposition as to all those who have been served is final." 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3914.7 at 552 (2d ed. 1987) (citing cases). Under Fed. R. Civ. P. 54(b), the federal counterpart to Tenn. R. Civ. P. 54.02, a defendant who has not been served is not a "party," so an order dismissing the action as to the defendants who have been served is final. *Id.* at 552 n.29, citing *Gomez v. Virgin Islands*, 882 F.2d 733, 735-36 n.5 (3d Cir. 1989). Therefore, the trial court's order granting summary judgment as to Shockley is a final, appealable judgment.

(quoting *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991)). To set aside a judgment under Rule 60.02, the burden is upon the movant to prove that he is entitled to relief, and there must be proof of the basis on which relief is sought. *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000); *Brumlow v. Brumlow*, 729 S.W.2d 103, 106 (Tenn. Ct. App. 1986); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 186 (Tenn. Ct. App. 1985).

A motion for relief from a judgment pursuant to Rule 60.02 addresses the sound discretion of the trial judge. Accordingly, the scope of review on appeal is limited to whether the trial judge abused his discretion. *See Toney v. Mueller Co.*, 810 S.W.2d 145 (Tenn. 1991); *Travis v. City of Murfreesboro*, 686 S.W.2d 68, 70 (Tenn. 1985). "An abuse of discretion occurs when the decision of the lower court has no basis in law or fact and is therefore arbitrary, illogical, or unconscionable." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 191 (Tenn. 2000); *Hooker v. Sundquist*, 107 S.W.3d 532, 535 (Tenn. Ct. App. 2002). Under an abuse of discretion standard, the trial court's decision is affirmed "so long as reasonable minds can disagree as to propriety of the decision made." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citing *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland,* 22 S.W.3d 266, 273 (Tenn. 2000)).

## ANALYSIS

In response to questions from the Court at oral argument in this appeal, counsel for Ball specified that Ball seeks relief under subsections (1) and (5) of Rule 60.02. We analyze these subsections separately and then address Ball's argument that the trial judge applied the incorrect legal standard.

## Rule 60.02(1)

Rule 60.02(1) states that the court may relieve a party from a final judgment for "mistake, inadvertence, surprise or excusable neglect." Tenn. R. Civ. P. 60.02(1). Specifically, it appears that Ball seeks relief based on excusable neglect or mistake. In his Rule 60.02 motion for relief from final judgment, Ball asserted that his former counsel did not file a response to Shockley's motion for summary judgment, did not appear at the hearing on the motion for summary judgment, did not give Ball notice of the hearing, and did not inform him afterward that summary judgment had been granted.[5]

---

[5]In Ball's appellate brief, Ball's appellate counsel asserts that Ball claimed in the trial court that Ball's former attorney "did not advise [Ball] of the pendency of the Motion for SJ [Summary Judgment]." However, the references to the record do not bear out this assertion. In the trial court, Ball did not assert that his former attorney did not inform him of the summary judgment motion or his decision not to oppose it. Ball asserts

(continued...)

-5-

Ball asked the trial court, and now asks this Court, to find that the actions of his former counsel amounted to "gross negligence." Ball argues that, "former counsel's failure to take any action to defend against a motion for summary judgment, especially without his client's approval or knowledge, is not prudent behavior and amounts to gross negligence since such behavior will certainly and necessarily lead to judgment against the client." He then contends that this "gross negligence" constitutes "excusable neglect" within the meaning of Rule 60.02(1). In support, Ball cites caselaw stating that "gross negligence will not be imputed to the client and is instead considered excusable neglect for which the party is entitled to relief from judgment."[6] *Terminix Intl. Co., L.P. v. Tapley*, No. 02A01-9701-CH-0028, 1997 WL 437222 at *4 (Tenn. Ct. App. Aug. 4, 1997); (Brief of Appellant at 8).

In *Terminix*, the trial court set aside a default judgment against the defendants under Rule 60.02(1), and the plaintiff appealed. The appellate court found that the defendant's first attorney committed fraud on his clients and failed to inform them that he had been suspended from the practice of law. *Id.* In support of a Rule 60.02 motion, the clients submitted an affidavit detailing the former attorney's fraudulent statements and their reliance on them. *Id.* at *2. Specifically, the clients submitted proof that their reliance on the attorney's representations lead to the default judgment. Under these circumstances, the appellate court declined to impute the attorney's misconduct to the clients "when the attorney has been suspended from the practice of law and failed to inform the client of the suspension." *Id.* at *4. The appellate court found this to be "excusable neglect by the clients, warranting Rule 60.02 relief." *Id.* Thus, *Terminix* involves a wholly different set of circumstances from the case at bar, in that the clients submitted proof to the trial court that their attorney committed outright fraud against them.

In contrast, in the instant case, there is no evidence in the record of negligence, gross or otherwise, by Ball's former attorney. Rather, the evidence in the record indicates clearly that Ball's former counsel made a strategic decision not to oppose Shockley's motion for summary judgment. As noted above, counsel for Shockley forwarded Ball's former attorney a copy of the motion for summary judgment on the same day he filed the motion with the court. After that, counsel for Shockley sent Ball's former attorney a letter enclosing a proposed order granting summary judgment to Shockley, and later asked for permission to

---

[5](...continued)
only that his former attorney did not notify him of the hearing on the motion or the result of the hearing. We note also that Ball's new attorney did not file an affidavit in the trial court stating what his former attorney failed to tell him and when he learned of the order of summary judgment against him, and thus there is no proof in the record of these assertions.

[6]Ball also cites *Campbell v. Sparks*, 555 S.W.2d 110, 112-13 (Tenn. 1977), for the same proposition. However, *Campbell* was decided under Rule 59.04, rather than Rule 60, and thus is inapplicable.

sign the name of Ball's attorney to the order. In response, an associate of Ball's former attorney faxed Shockley's lawyer a copy of the proposed order, complete with the signature of Ball's former attorney. The order was then entered on the scheduled hearing date, with the signature of Ball's former attorney, as signed by Shockley's lawyer "with permission."

Thus, the record clearly shows that Ball's former attorney made a deliberate decision on behalf of his client not to oppose the entry of summary judgment in favor of Shockley. We decline to find that such an action is *per se* negligent. Indeed, the actions of Ball's attorney indicate that he concluded that Ball did not have a meritorious defense to the summary judgment motion. Under such circumstances, a decision not to oppose the summary judgment motion could simply be responsible lawyering.

From the record, then, it appears that Ball and his current counsel disagree with the decision made by Ball's former attorney on Ball's behalf. Assuming *arguendo* that the decision of Ball's former attorney resulted from ignorance or a misapplication of the law or facts, this does not warrant relief from the judgment entered against Ball. An attorney's ignorance or lack of awareness of the law does not constitute the type of mistake or excusable neglect on which Rule 60.02 relief may be granted. ***Kirby v. Sivley***, 745 S.W.2d 284, 287 (Tenn. Ct. App. 1987). Rule 60.02 is not merely a vehicle for a party who is dissatisfied with the result of his case. ***NCNB Nat'l Bank of North Carolina v. Thrailkill***, 856 S.W.2d 150, 153 (Tenn Ct. App. 1993) (citing ***Toney v. Mueller Co.*** 810, S.W.2d 145, 146 (Tenn. 1991). ***See also Madison County v. Tenn. State Bd. Of Equalization***, No. W2007-01121-COA-R3-CV, 2008 WL 2200050, at *5 (Tenn. Ct. App. May 27, 2008) ("The case law is clear that 'mistake' as contemplated in Rule 60.02 does not include a mistake in law."). Indeed, our Supreme Court has commented, "If this Court were to hold that ignorance of the law is a proper ground for relief under Rule 60.02, Tennessee Rules of Civil Procedure, it is hard to conceive how any judgment could be safe from assault on that ground." ***Food Lion, Inc. v. Washington County Beer Bd.***, 700 S.W.2d 893, 896 (Tenn. 1985). Thus, we find no basis for relief under Rule 60.02(1).

### Rule 60.02(5)

Rule 60.02(5) of the Tennessee Rules of Civil Procedure states that "a court may relieve a party . . . from a final judgment . . . for . . . (5) any other reason justifying relief from the operation of the judgment." Tenn. R. Civ. P. 60.02(5).

While the language in Rule 60.02(5) is broad, "the Rule is to be construed quite narrowly." ***Federated Ins. Co.***, 18 S.W.3d at 625. In fact, relief under Rule 60.02(5) "is only appropriate in cases of overwhelming importance or in cases involving extraordinary

circumstances or extreme hardship." *Id.* (citing *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993).

As noted above, the record in this case clearly shows that Ball's former attorney made a deliberate, strategic decision not to oppose Shockley's summary judgment motion. It is well-settled that, although trial courts have broad authority to grant relief from final judgments under Rule 60.02(5), "this power 'is not to be used to relieve a party from free, calculated, and deliberate choices [it] has made.' " *Federated Ins. Co.*, 18 S.W.3d at 625 (quoting *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 19 (Tenn. 1991)). We find that Ball has asserted no basis for relief under Rule 60.02(5).

### Wrong Legal Standard

Ball also contends on appeal that the trial court failed to apply the correct legal standard in evaluating his Rule 60.02 motion for relief, and thus abused its discretion. Specifically, Ball points to the trial judge's comment in denying his motion that, even if the summary judgment were set aside and reargued, the trial judge "would still rule in favor of Mr. [Shockley] on the issue of summary judgment. So there's no need lining it up and relining it." Ball argues that this statement indicates that the trial judge utilized the wrong legal standard, and thus abused her discretion.

We do not find that the trial judge's comment indicates that she employed the wrong legal standard in deciding to deny Ball's Rule 60.02 motion. It indicates only that the trial court considered whether Ball had a "meritorious defense" to Shockley's summary judgment motion, a legitimate concern in considering a Rule 60.02 motion for relief from final judgment. *See Terminix Int'l*, 1997 WL 437222, at *3. Indeed, in the absence of some evidence that would provide the trial judge with a basis for reaching a different result on Shockley's summary judgment motion, there is no showing of prejudice to Ball from the actions of his former attorney. *See Phung v. Case*, No. 03A01-9811-CV-00388, 1999 WL 544650, at *4 (Tenn. Ct. App. July 28, 1999).

As noted above, in the case at bar, Ball's Rule 60.02 motion states only that there "are material facts and issues that Plaintiff was unable to properly place before the Court," and asserts "Plaintiff's belief that these material facts and issues will result in the Court denying summary judgment to the Defendant." The motion includes no description of the "material facts and issues," and certainly no affidavit or other proof of the claimed facts or issues.

We reiterate that a party seeking relief under Rule 60.02 "must offer proof of the basis on which relief is sought." *Federated Ins. Co.*, 18 S.W.3d at 624. Conclusory assertions by counsel are not proof. Thus, Ball failed to support his Rule 60.02 motion "with any evidence

making out a disputed material fact regarding the merits of the lawsuit." ***Donnelly v. Walter***, 959 S.W.2d 166, 168 (Tenn. Ct. App. 1997). Therefore, as the trial court noted, "[t]here was absolutely no reason to set aside the summary judgment[] in the absence of some indication that [Ball] had a response to" Shockley's summary judgment motion. ***Id.***

Under all of these circumstances, we find no abuse of discretion by the trial court in denying Ball's motion for relief under Rule 60.02. All other issues raised on appeal are pretermitted.

## CONCLUSION

The decision of the trial court is affirmed. Costs on appeal are to be taxed to Appellant Stephen Ball and his surety, for which execution may issue, if necessary.


_____
HOLLY M. KIRBY, JUDGE