Robert Dale **COBB**, Plaintiff/Appellant,

v.

Douglas R. **BEIER**, Defendant/Appellee.

Supreme Court of Tennessee,
at Knoxville.

April 28, 1997.

J. Randall Shelton, Morristown, for plaintiff–appellant.

Commonwealth Life Insurance Corporation and Providian Corporation, William R. O'Bryan, Jr., Mary Ellen Morris, Trabue, Sturdivant & DeWitt, Nashville, amicus curiae.

James M. Davis, Morristown, for defendant–appellee.

## OPINION

DROWOTA, Justice.

The sole issue on appeal is whether the Court of Appeals erred by dismissing this appeal because of plaintiff-appellant's failure to serve the clerk of the appellate court with a copy of the notice of appeal in compliance with Rule 5(a) of the Tennessee Rules of Appellate Procedure. Several cases with similar issues are currently pending before this Court and the Court of Appeals. Because service of the notice of appeal upon the clerk of the appellate court serves no significant substantive purpose in the appellate

process, failure to effect such service is not a basis for dismissal of an appeal. Therefore, the judgment of the Court of Appeals is reversed and this cause remanded to that court for consideration of the merits of the appeal.

## PROCEDURAL HISTORY

Plaintiff–Appellant, Robert Dale Cobb, instituted a suit for malicious prosecution against the defendant-appellee, Douglas R. Beier. Beier filed a motion for summary judgment which the trial court granted on December 4, 1995. Cobb filed a notice of appeal in the trial court on December 22, 1995. A copy of the notice of appeal was timely served on Beier's attorney. However, a copy of the notice of appeal was not timely served on the clerk of the Court of Appeals. On February 22, 1996, Beier filed with the Court of Appeals a motion to dismiss Cobb's appeal based on his failure to timely serve a copy of the notice of appeal on the clerk of the Court of Appeals.

The Court of Appeals, in a split decision, relying on *G.F. Plunk Construction, Inc. v. Barrett Properties, Inc.*, 640 S.W.2d 215 (Tenn.1982), dismissed the appeal, holding that there was no "good cause" for Cobb's failure to timely serve a copy of his notice of appeal on the clerk of the Court of Appeals. Judge Goddard dissented from the dismissal, stating, "[g]iven the fact that those promulgating the Rules of Appellate Procedure have vacillated on this requirement, and such a filing serves little purpose in the vast majority of cases appealed, I would suspend that provision of Rule 5 unless prejudice to the appellee has been shown." Thereafter, we granted Cobb's application for permission to appeal and now reverse.

## HISTORY OF RULE 5

Resolution of this issue is aided by considering the history and purpose of the requirement of service on the clerk of the appellate court. The purpose of the "notice of appeal" is simply to declare in a formal way a party's intention to appeal.[1] "An appeal as of right," Rule 3, T.R.A.P., shall be taken by timely filing a notice of appeal with the clerk of the trial court, as provided in Rule 4, T.R.A.P. Rule 4 requires that the notice of appeal "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from...."[2]

Within seven days after filing, Rule 5 requires the appellant or appellant's counsel to serve a copy of the notice of appeal (1) on counsel of record for each party, or if not represented by counsel, on the party, and on (2) the clerk of the appellate court. Rule 5 has always required service on counsel or the party, however service on the clerk of the appellate court, the issue we address on this appeal, has been in a state of flux since 1979.

When the appellate rules were established effective July 1, 1979, service of a copy of the notice of appeal was required by appellant or appellant's counsel on (1) counsel and on (2) the clerk of the appellate court.[3] Upon receiving service of the notice of appeal, the clerk of the appellate court immediately entered the appeal on the docket and it was assigned a docket number. In 1984, however, the requirement of service on the clerk of the appellate court was deleted from Rule 5(a) and (b), because "[t]he experience of the appellate clerks has been that the requirement of serving a notice of appeal at the appellate level accomplished no vital purpose, but instead resulted in a surplus of notices where the appeal was abandoned because of

---

**1.** Advisory Commission (to the Supreme Court) Comment to Rule 3(f), T.R.A.P.

**2.** Rule 2, T.R.A.P., which deals with "suspension of rules" does not permit an extension of time for filing a notice of appeal, as prescribed in Rule 4; however, in all criminal cases the notice of appeal document is not jurisdictional and the filing of such document may be waived in the interest of justice. Rule 4, T.R.A.P.

**3.** The federal rule dealing with service of the notice of appeal, Fed.R.App.P. 3(d), requires the clerk of the trial court to serve notice of the filing of the "notice of appeal" to counsel of record, or, if not represented by counsel, to the party. The clerk is also required to send a copy of the notice and of the docket entries to the clerk of the appellate court. The clerk's failure to serve notice does not affect the validity of the appeal.

settlement or otherwise."[4] Therefore, beginning in 1984, the clerk of the appellate court was required to enter the appeal on the docket upon receipt of the "record on appeal," not upon the receipt of the "notice of appeal," and the clerk was required to serve notice on all parties of the receipt of the record and docketing of the appeal. T.R.A.P. Rule 5(c).

In 1991, T.R.A.P. 5(a) was again amended, restoring subsection (a) to its original tenor, requiring appellant or appellant's counsel to serve the appellate court clerk with a copy of the notice of appeal.[5] However the docketing requirements set out in subsection (c) of Rule 5 remained the same; therefore, the appeal was not entered on the docket until the appellate clerk received the record. In 1995 subsection (b) of Rule 5 was amended requiring service by appellant on the appellate court clerk to conform criminal practice to the civil practice of subsection (a) which had been amended in 1991.

In 1997, based on the recommendation of the Advisory Commission, we again amended Rule 5(a) and (b) to place upon the trial court clerk, rather than the appellant or appellant's counsel, the responsibility of serving a copy of the notice of appeal upon the clerk of the appellate court.[6] Subsection (c) of Rule 5 delineating the docketing requirements remains the same.

### ANALYSIS AND CONCLUSION

As did the Court of Appeals, appellee Beier relies primarily upon *G.F. Plunk Construction Company, Inc. v. Barrett Properties, Inc.*, 640 S.W.2d 215 (Tenn.1982), which was decided when T.R.A.P. 5 required service of a copy of the notice of appeal upon the clerk of the Court of Appeals and when the clerk utilized the notice of appeal to docket the case. In *Plunk*, the appellant had not timely filed a copy of the notice of appeal on either the clerk of the Court of Appeals *or* on opposing counsel. We held the requirement of T.R.A.P. 5 was not jurisdictional and that it could be waived in accordance with the "good cause" standard of T.R.A.P. 2.[7] However, we found that the excuse offered in *Plunk* for failing to serve a copy of the notice of appeal on either opposing counsel or the clerk of the Court of Appeals did not constitute good cause. After *Plunk* was decided, Rule 5(c) was amended to provide that the clerk enter the appeal on the docket upon receipt of the "record on appeal," not upon the receipt of the notice of appeal. As explained earlier, serving the clerk with a copy of the notice of appeal accomplished no vital purpose, and the requirement was deleted in 1984, because the clerk was merely maintaining the notices in alphabetical order until the record was received from the trial court, when the appeal was then docketed.

In *Plunk* there was no service on counsel or on the appellate court clerk. In the case at bar, the notice of appeal was timely filed with the clerk of the trial court, complying with Rule 4, and a copy was served on opposing counsel. Service on opposing counsel meets the need of procedural fairness by informing adversary counsel that an appeal is intended. The filing of the notice of appeal with the clerk of the appellate court is administrative, not jurisdictional, for it serves no substantive purpose in the appellate process.

We find no prejudice to the appellee or to the appellate process resulting from appellant's failure to serve a copy of the notice of appeal upon the clerk of the appellate court. As we recently observed in *Johnson v. Hardin*, 926 S.W.2d 236, 238 (Tenn.1996):

> The general policy of the rules, as suggested by the Advisory Commission and interpreted by the courts, emphasizes reaching

---

**4.** Advisory Commission Comment to 1984 amendment to Rule 5, T.R.A.P.

**5.** Advisory Commission Comment to 1991 amendment to Rule 5, T.R.A.P.

**6.** By order filed in this Court on January 23, 1997 we submitted to the General Assembly for approval by Resolution certain amendments to our Rules of Civil and Appellate Procedure and

Rules of Evidence. These amendments have an effective date of July 1, 1997.

**7.** In *Gray v. Boyle Investment Co.*, 803 S.W.2d 678 (Tenn.App.1990) the Court of Appeals reaffirmed the principle that failure to serve a copy of a notice of appeal on opposing counsel is not jurisdictional and may be waived.

a just result and disregarding technicality in form. (Citations omitted). Consequently, once a timely notice of appeal is filed, the rules should not erect unjustified technical barriers which prevent consideration of the merits of the appeal .... the overall intent of the rules is to allow cases to be resolved on their merits. A court's construction and application of the rules should further that intent and should enhance, not impede, the search for justice.

In addition, our 1997 amendment is more in line with the Federal Rule and places the service requirement on the trial court clerk. Since the service requirements of Rule 5 do not, in any way, affect the timeliness of the appeal, as does Rule 4, the failure of the clerk to strictly comply with the service requirement does not defeat the validity of an appeal.

The notice of appeal document in civil cases filed in the appellate court serves no significant substantive purpose because the clerk of the appellate court does not docket the appeal until the record is received. At that time the clerk serves "notice on all parties of the receipt of the record and docketing of the appeal." Rule 5(c), T.R.A.P. Thus, it is exalting form over substance to dismiss an appeal on the sole basis that counsel failed to serve a copy of the notice of appeal on the appellate court clerk.

We are therefore of the opinion that this case, and all cases presently on appeal in which the clerk of the appellate court was not timely served a copy of the notice of appeal, should *not* be dismissed for failure to comply with Rule 5(a), T.R.A.P. To hold otherwise would impede the search for justice. *Johnson v. Hardin, id.*

The judgment of the Court of Appeals is reversed and this cause is remanded to that court for consideration of the merits of Cobb's appeal from the trial court's judgment granting the appellee Beier's motion for summary judgment.

BIRCH, C.J., and ANDERSON, REID and HOLDER, JJ., concur.