IN THE COURT OF APPEALS OF TENNESSEE

FILED

June 5, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| MABEL DONNELLY, | ) | C/A NO. 03A01-9610-CV-00323 |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | APPEAL AS OF RIGHT FROM THE |
| v. | ) | CARTER COUNTY CIRCUIT COURT |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| ROBERT E. WALTER, M.D. and | ) | |
| HERMITAGE NURSING HOME, | ) | |
| | ) | HONORABLE G. RICHARD JOHNSON, |
| Defendants-Appellees. | ) | CHANCELLOR, By Interchange |

For Appellant

BOB McDANIEL GREEN
Johnson City, Tennessee

For Appellee Walter

CHARLES T. HERNDON, IV
Herndon, Coleman, Brading & McKee
Johnson City, Tennessee


For Appellee Hermitage
Nursing Home

N.R. COLEMAN, JR.
DANIEL D. COUGHLIN
Milligan & Coleman
Greeneville, Tennessee


O P I N I O N


AFFIRMED AND REMANDED                                    Susano, J.

1

Plaintiff Mabel Donnelly (Donnelly) appealed the trial court's denial of her motion to reconsider a grant of summary judgment to the defendants Dr. Robert E. Walter (Dr. Walter) and Hermitage Nursing Home (Hermitage). She presents for our review the question of whether the denial of her motion to reconsider was an abuse of the trial court's discretion. For their part, the defendants contend that Donnelly's appeal should be dismissed because of her failure to serve a copy of the notice of appeal on the clerk of this court. We affirm.

I

Donnelly filed suit on December 22, 1994, to recover damages for personal injuries allegedly caused by the malpractice of Dr. Walter and Hermitage. Hermitage filed a motion for summary judgment, supported by the affidavit of one of its nurses, Dorothy Holsclaw, who had attended Donnelly during the latter's stay at the nursing home. Dr. Walter also filed a motion for summary judgment, which he supported with his personal affidavit. Donnelly failed to submit any opposing affidavits or other properly verified material in response to either motion.

II

Donnelly's counsel received a notice from the defendants' counsel advising him that they would argue their motions to the court on December 18, 1995. The hearing took place as scheduled, but neither Donnelly nor her attorney attended. In their absence, the trial court granted summary

2

judgment to both defendants.  Two days later, Donnelly filed a motion to reconsider, asking the trial court to reinstate her case on the docket or, in the alternative, to allow her to take a voluntary nonsuit.  The trial court denied Donnelly's motion, finding that her counsel had received adequate notice of the hearing.  The court also noted that the plaintiff had neglected to submit any material in opposition to the defendants' motions.[1] The court held that Donnelly had failed to demonstrate that she was entitled to relief under Rule 60.02, Tenn.R.Civ.P., by reason of mistake, inadvertence, surprise or excusable neglect.

### III

We first address the argument of the defendants that Donnelly's failure to serve a copy of her notice of appeal on the appellate court clerk in accordance with Rule 5(a), T.R.A.P, warrants a dismissal of this appeal.

Since the defendants filed their briefs, this identical issue has been addressed by the Supreme Court, in the case of *Cobb v. Beier*, ___ S.W.2d ___, No. 03S01-9610-CV-00106 (Tenn., filed April 28, 1997, Drowota, J.)(for publication).  In the *Cobb* case, the Supreme Court found that to dismiss an appeal for this reason alone would be to elevate form over substance, thereby "imped[ing] the search for justice." *Id.*  The Supreme Court stated that

---

[1]The motions were heard a few days shy of a year after the complaint was filed, and approximately two months after the last motion was filed.

3

> all cases presently on appeal in which the
> clerk of the appellate court was not timely
> served a copy of the notice of appeal, should
> *not* be dismissed for failure to comply with
> Rule 5(a), T.R.A.P.

*Id.* (Emphasis in original). Relying on **Cobb**, we hold that the defendants' issue with respect to the notice of appeal is without merit.

IV

Donnelly raises as her sole issue the question of whether the trial court abused its discretion when it denied her motion to reconsider the grant of summary judgment. Her counsel admits that he received adequate notice of the hearing on the summary judgment motions; he contends, however, that his failure to appear at the hearing was "inadvertent and due to excusable neglect."[2] Donnelly also argues that the trial court erroneously viewed her motion to reconsider as a motion for relief under Rule 60.02, Tenn.R.Civ.P.; she contends that her motion should have been treated either as a motion to set aside a default, as addressed in Rule 55.02, Tenn.R.Civ.P., or as a motion to alter or amend a judgment, in accordance with Rule 59.04, Tenn.R.Civ.P.

We believe, in this instance, that any such distinction is immaterial. Regardless of the category to which the motion is properly assigned, the question is the same: Did the trial court abuse its discretion? It is clear that "[t]he setting aside of

---

[2]Counsel states in his affidavit that he mistakenly went to the courthouse in Johnson City. The hearing had been noticed for and was held in Elizabethton.

4

[a] summary judgment... lies within the sound discretion of the Trial Court." *Marr v. Montgomery Elevator Co.*, 922 S.W.2d 526, 528 (Tenn.App. 1995); *see also* *Henson v. Diehl Machines, Inc.*, 674 S.W.2d 307, 310 (Tenn.App. 1984)("the setting aside of a judgment addresses itself and lies within the sound discretion of the court."); *Keck v. Nationwide Systems, Inc.*, 499 S.W.2d 266, 267 (Tenn.App. 1973). We do not find it necessary to determine the proper rule authority for Donnelly's motion.

The circumstances of this case do not demonstrate an abuse of discretion. Assuming, solely for the purpose of argument, that counsel's failure to go to the correct courthouse for the hearing was excusable, we cannot overlook the fact that Donnelly failed to support his motion to reconsider with any evidence making out a disputed material fact regarding the merits of the lawsuit. There was absolutely no reason to set aside the summary judgments in the absence of some indication that the plaintiff had a response to the defendants' properly supported motions.

It is well-established that "a motion for summary judgment goes directly to the merits of the litigation, and a party faced with such a motion may neither ignore it nor treat it lightly." *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn. 1978). The facts of this case show that Donnelly utterly failed to satisfy her burden to respond to the defendants' properly supported motions.

5

Donnelly relies on the case of **Campbell v. Archer**, 555 S.W.2d 110 (Tenn. 1977), for the proposition that a trial court may grant relief from a judgment in this situation, if the failure to appear is not willful.  We find that **Campbell** is distinguishable from the instant case.  In **Campbell**, a party's *new* attorney arrived after the commencement of the proceedings because he had not been notified of the trial date by his client's prior counsel.  In its opinion, the Supreme Court assigned most of the blame to the *former* counsel, rather than the *new* attorney, who had not received any notice of the trial. **Campbell** thus presents a different scenario from the instant case, since Donnelly's attorney had received sufficient notice of the time and place of trial.  Furthermore, the instant case involves another distinguishing feature--the failure of Donnelly to submit affidavits or other material identified in Rule 56.03, Tenn.R.Civ.P., in opposition to the motions for summary judgment. **Campbell** does not support Donnelly's request for relief in this case.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant and her surety. This case is remanded to the trial court for collection of costs assessed there, pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

6

CONCUR:

_____
Houston M. Goddard, P.J.


_____
William H. Inman, Sr.J.