# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

### IN RE: THE CONSERVATORSHIP OF JOYCE D. BENNY

**Appeal from the Chancery Court for Washington County**
**No. 36262     G. Richard Johnson, Chancellor**

---

**No. E2010-00322-COA-R3-CV - FILED AUGUST 3, 2010**

---

This is an appeal in a conservatorship case. The notice of appeal was mailed via overnight delivery. Had the notice of appeal been delivered the next day, it would have been timely. Unfortunately, the notice of appeal was not delivered the next day and, therefore, was not timely filed. Because the notice of appeal was not filed within thirty (30) days of entry of the final judgment, this Court lacks subject matter jurisdiction and this appeal must be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

Joyce B. Denny, Johnson City, Tennessee, pro se.

Monica Franklin, Knoxville, Tennessee, for the Appellant, Judy S. Wyrick.

**MEMORANDUM OPINION[1]**

The order appealed from in this case was entered by the Trial Court on January 5, 2010. A notice of appeal was filed on February 5, 2010, which is thirty-one (31) days from entry of the final judgment. On July 13, 2010, this Court entered an Order directing the Appellant to show cause why this appeal should not be dismissed because the notice of appeal was not filed within thirty (30) days and was, therefore, untimely.

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

Appellant responded to the show-case motion, indicating that the notice of appeal was sent via overnight mail on February 3, 2010, and had it been delivered overnight as promised by the United States Postal Service, then the notice of appeal would have been timely. Thus, Appellant argued that she acted in good faith at all times.

The requirement that a notice of appeal be filed within thirty (30) days of entry of a final judgment cannot be waived. *Cobb v. Beier*, 944 S.W.2d 343, 344 n.2 (Tenn. 1997) (noting that in civil cases, Tenn. R. App. P. 2 does not permit suspension of the rules to extend the time for filing a notice of appeal as prescribed in Rule 4). The requirement that a notice of appeal must be filed within 30 days of entry of the final judgment is jurisdictional in civil cases. Absent a timely notice of appeal, this Court lacks subject matter jurisdiction and cannot entertain the appeal, even if an appellant has acted in the utmost good faith. *See Ball v. McDowell*, 288 S.W.3d 833, 837 (Tenn. 2009) (dismissing an appeal because the notice of appeal was not filed within thirty (30) days of entry of the final judgment and the Court of Appeals, therefore, lacked subject matter jurisdiction).

Because the notice of appeal in the present case was not filed within thirty (30) days of entry of the final judgment, this appeal is dismissed. Costs on appeal are taxed to the Appellant, Judy S. Wyrick, and her surety, for which execution may issue, if necessary.


PER CURIAM