# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

## RANDALL C. HAGY v. STATE OF TENNESSEE, ET AL.

### Appeal from the Chancery Court for Sullivan County
### No. B0022646(C)     E.G. Moody, Chancellor

---

### No. E2010-01852-COA-R3-CV - FILED - MAY 13, 2011

---

A show cause order was entered in this case on January 31, 2011, directing the pro se appellant to show cause why this appeal should not be dismissed for lack of jurisdiction based upon the untimely filing of the notice of appeal. The appellant has failed to respond to the show cause order. The record supports that the notice of appeal was filed untimely. Accordingly, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

**HERSCHEL P. FRANKS, P.J.; CHARLES D. SUSANO, JR. and JOHN W. MCCLARTY, JJ.**

Randall C. Hagy, Bristol, Tennessee, pro se appellant.

Robert E. Cooper, Jr., Attorney General and Reporter, Benjamin Arthur Whitehouse, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee.

Kenneth D. Hale, Bristol, Tennessee, for the appellee, Charles G. Brown, Inc., d/b/a Uncle Sam's Loan Office.

### MEMORANDUM OPINION[1]

On June 27, 2009, the appellant, Randall C. Hagy, applied for a loan at Uncle Sam's

---

[1]Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

Loan Office ("Uncle Sam's") in Bristol. A Century Arms International model WASR 10 rifle and 458 rounds of ammunition were provided as collateral for the loan. Mr. Hagy repaid the loan plus the required interest in a timely fashion, but Uncle Sam's informed him that it was required by law to run a criminal background check prior to returning the rifle. The background check revealed that Mr. Hagy had an outstanding warrant for his arrest in the Virginia. According to Mr. Hagy, after he was arrested and extradited to Virginia, the charges were dismissed. In the meantime, an order of protection was issued against Mr. Hagy from Virginia.

In November 2009, Mr. Hagy and another individual personally appeared at Uncle Sam's requesting that the collateral be released to the individual; Mr. Hagy stated that the individual had purchased the rifle and ammunition from him. Believing the claim to be a "strawman" purchase, Uncle Sam's informed the pair that pursuant to federal law, it could not release the collateral.

After Mr. Hagy filed an action in the Chancery Court for Sullivan County seeking monetary damages and other relief, the State of Tennessee and Uncle Sam's moved to dismiss, asserting a lack of subject matter jurisdiction and improper venue. It was noted that the chancery court lacked subject matter jurisdiction to hear a suit for money damages against the State and that proper venue for the action is Davidson County. After a hearing, the trial court granted the motions to dismiss.

A review of the record in the matter reveals that the notice of appeal filed with the trial court clerk on August 31, 2010, was not filed within thirty days of the date of entry of the July 30, 2010 amended final order to which it was directed. An untimely filed notice of appeal deprives this court of jurisdiction. *See* Tenn. R. App. P. 2; Tenn. R. App. P. 4(a); *see also Cobb v. Beier*, 944 S.W.2d 343, 344 n. 2 (Tenn. 1997).

As the notice of appeal was not timely filed in this matter, we lack subject matter jurisdiction. Accordingly, we must dismiss the appeal.

**CONCLUSION**

The appeal of this matter is dismissed and this case is remanded to the trial court. Costs on appeal are taxed to the appellant, Randall C. Hagy.

PER CURIAM