# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 24, 2015 Session

## DONNY O. LOCKLEAR v. STACEY L. LOCKLEAR

**Appeal from the Chancery Court for Sullivan County (Blountville)**
**No. C0017508      E. G. Moody, Chancellor**

---

**No. E2014-01465-COA-R3-CV-FILED-MARCH 24, 2015**

---

This is an appeal from a Final Decree of Divorce. Because a notice of appeal was not timely filed in this case, we have no jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J., CHARLES D. SUSANO, JR., C.J., AND THOMAS R. FRIERSON, II, J.

Donny O. Locklear, Blountville, Tennessee, appellant, *pro se.*

Ricky A. W. Curtis, Blountville, Tennessee, for the appellee, Stacey L. Locklear.

### MEMORANDUM OPINION[1]

The Trial Court entered the Final Decree of Divorce in this case on April 2, 2014. The appellee, Stacey L. Locklear ("Wife"), timely filed a motion pursuant to Rule 59 of the Rules of Appellate Procedure with a consolidated request for a stay of the judgment. The Trial Court entered an order on the Rule 59 motion on May 15, 2014, making a notice of appeal due no later than June 16, 2014. *See* Tenn. R. App. P. 4(a).

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On June 20, 2014, the appellant, Donny O. Locklear ("Husband"), filed a motion entitled "Motion to Appeal Award of Military Retirement and Child Custody in the Final Decree of Absolute Divorce." The Trial Court entered an order granting this motion which stated that Husband "shall be permitted to perfect an Appeal to the Tennessee Court of Appeals." Husband then filed his Notice of Appeal on July 21, 2014, indicating that he wished to appeal the April 2, 2014 judgment.

After receiving the record in this appeal, this Court directed Husband to show cause why this appeal should not be dismissed for lack of jurisdiction based upon the untimely filing of the Notice of Appeal. Husband has filed a response to the show cause order arguing that his appeal should be allowed to proceed because it has merit and was timely filed.

A notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *see also Cobb v. Beier*, 944 S.W.2d 343, 344 n.2 (Tenn. 1997). If a Notice of Appeal is not timely, this Court is not at liberty to waive the procedural defect. *See* Tenn. R. App. P. 2; *Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). In addition, as the Advisory Commission's Comments to Rule 4(a) state, nothing in the rules of appellate procedure "or any other rule" allows the time for filing a notice of appeal "to be extended beyond the specified 30 days," although in appropriate circumstances an otherwise untimely appeal may be taken by first securing relief from the trial court pursuant to Rule 60 of the Rules of Civil Procedure. Tenn. R. App. P. 4(a), Advisory Commission's Comment. However, such relief "is generally granted in only the most extraordinary circumstances," and "usually takes the form of vacating the original final judgment and then re-entering it thus causing the thirty day period within which to file a notice of appeal to begin to run again." *Jefferson*, 699 S.W.2d at 184-85 (Tenn. Ct. App. 1985).

There is no indication in this case in either Husband's Motion to Appeal filed on June 20, 2014, or the Trial Court's order granting said motion, that Rule 60 relief was being sought by Husband or granted by the Trial Court. Moreover, the June 20, 2014 Motion to Appeal cannot be considered by this Court as a timely filed Notice of Appeal because it was not filed within thirty (30) days of the date of entry of the Trial Court's May 15, 2014 order on Wife's Rule 59 Motion. *See* Tenn. R. App. P. 4(b) (noting that the time for filing a notice of appeal shall run from the date of entry of an order denying a timely filed Rule 59 motion).

Because a notice of appeal was not timely filed in this case, we have no jurisdiction to consider this appeal. This appeal is dismissed. Costs on appeal are taxed to the appellant, Donny O. Locklear, for which execution may issue if necessary.


**PER CURIAM**