# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 24, 2015 Session

## DAVID CRUMP, SR. v. SHERRY PIKE

**Appeal from the Circuit Court for Cocke County**
**No. 32,882-III      Rex H. Ogle, Judge**

---

**No. E2014-02074-COA-R3-CV-FILED-MARCH 24, 2015**

---

The final order from which the appellant seeks to appeal was entered on October 14, 2014. The only notice of appeal "filed" by the appellant was submitted to the Trial Court Clerk via facsimile transmission in violation of Rule 5A.02(4)(e) of the Rules of Civil Procedure. Because the Notice of Appeal was insufficient to invoke the jurisdiction of this Court, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J., CHARLES D. SUSANO, JR., C.J., AND THOMAS R. FRIERSON, II, J.

Afsoon Hagh, Nashville, Tennessee, for the appellant, David Crump, Sr.

Terrill L. Adkins, Knoxville, Tennessee, for the appellee, Sherry Pike.

## MEMORANDUM OPINION[1]

By order entered on July 24, 2014, the Trial Court granted the motion to dismiss filed by the appellee, Sherry Pike ("Pike"), as to the claims filed by the appellant, David Crump, Sr. ("Crump"), against Pike in the proceedings below. By order entered on October 14, 2014, the Trial Court granted Crump's request to have the July 24, 2014 order certified as a final

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

judgment pursuant to Rule 54.02 of the Rules of Civil Procedure. The Trial Court Clerk received the Notice of Appeal initiating this proceeding via facsimile transmission on October 21, 2014.

After receiving the Notice of Appeal from the Trial Court Clerk, this Court directed Crump to show cause why this appeal should not be dismissed because the Notice of Appeal filed by facsimile transmission was insufficient to invoke this Court's jurisdiction. Rule 5A.02(4)(e) of the Rules of Civil Procedure explicitly states that "[t]he following documents shall not be filed in the trial court by facsimile transmission: . . . [a] notice of appeal." Counsel, on behalf of Crump, responded to the show cause order by arguing that he "instructed that the Notice of Appeal be mailed to the [Trial Court] on the 21st of October, 2014 in addition to being sent by facsimile . . . and that when [he] received the docketing statement and initiating document from the Appellate Court Clerk's Office on or about the 26th day of October, 2014, [he] understood that the Notice of Appeal was filed in accordance with the Tennessee Rules of Civil Procedure." Counsel further requests that this Court refrain from dismissing the appeal and instead grant Crump relief "pursuant to Rule 60.02(1) of the Tennessee Rules of Civil Procedure . . . based upon mistake and/or excusable neglect." In a reply to Crump's response, counsel for Pike states, based upon an accompanying affidavit from counsel attesting to a telephone conversation with the Trial Court Clerk, that the Notice of Appeal submitted via facsimile transmission was the only notice of appeal "filed" by Crump in the proceedings below.

Given the express language of Rule 5A.02(4)(e), we cannot conclude that a notice of appeal was ever actually "filed" with the Trial Court Clerk. As such, our jurisdiction to consider this appeal was never timely invoked pursuant to Rule 4(a) of the Rules of Appellate Procedure. See Davis v. Jackson Tenn. Hosp. Co., LLC, No. W2009-02537-COA-R3-CV, 2010 WL 2812625, at * 3-4 (Tenn. Ct. App., July 16, 2010). A notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." Albert v. Frye, 145 S.W.3d 526, 528 (Tenn. 2004); see also Cobb v. Beier, 944 S.W.2d 343, 344 n.2 (Tenn. 1997). If a notice of appeal is not timely, this Court is not at liberty to waive the procedural defect. See Tenn. R. App. P. 2; Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc., 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); Am. Steinwinter Investor Group v. Am. Steinwinter, Inc., 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); Jefferson v. Pneumo Services Corp., 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).

As the Advisory Commission's Comments to Rule 4(a) state, nothing in the rules of appellate procedure "or any other rule" allows the time for filing a notice of appeal "to be extended beyond the specified 30 days," although in appropriate circumstances an otherwise

untimely appeal may be taken by first securing relief from the trial court pursuant to Rule 60 of the Rules of Civil Procedure. Tenn. R. App. P. 4(a), Advisory Commission's Comment. However, such relief "is generally granted in only the most extraordinary circumstances," and "usually takes the form of vacating the original final judgment and then re-entering it thus causing the thirty day period within which to file a notice of appeal to begin to run again." *Jefferson*, 699 S.W.2d at 184-85 (Tenn. Ct. App. 1985). As such, we decline to grant Crump's request for relief "pursuant to Rule 60.02(1) of the Tennessee Rules of Civil Procedure" and direct him, if he so desires, to seek such relief in the Trial Court.

Accordingly, this appeal is dismissed. This disposition renders all pending motions moot. Costs on appeal are taxed to the appellant, David Crump, Sr., and his surety, for which execution may issue if necessary.

**PER CURIAM**