IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 14, 2015

## BARBARA MCGINNIS v. STATE OF TENNESSEE

**Interlocutory Appeal from the Tennessee Claims Commission for the Western Division**
**No. 20131446     Commissioner Nancy Miller-Herron, Judge**

_____

**No. W2014-02272-COA-R9-CV – Filed April 30, 2015**

_____

J. STEVEN STAFFORD, J., DISSENTING:

The majority concludes that Appellee's failure to file her notice of appeal with the Claims Commission within ninety days of the date the Division of Claims Administration denied the claim is fatal to her appeal. *See generally* Tenn. Code Ann. § 9-8-402(c). Because I conclude that the issue of whether a notice of appeal to the Claims Commission is jurisdictional is a matter of some import that should first be decided by the Claims Commission, I must respectfully dissent from the majority Opinion.

It is true that a timely notice of appeal to this Court is a jurisdictional prerequisite. *See Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004) ("The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases."); *see also Cobb v. Beier*, 944 S.W.2d 343, 344 n.2 (Tenn. 1997). Thus, if a notice of appeal is not timely, this Court is not at liberty to waive the procedural defect. *See* Tenn. R. App. P. 2; *Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).The majority Opinion, however, cites no authority to establish that the same rule is applicable when filing an appeal from the decision of the Division of Claims Administration to the Claims Commission.

Here, the State asserted in its motion to dismiss that the failure to timely appeal to the Claims Commission was "fatal to the claimant's claim"; however, the only law cited for this proposition is a memorandum opinion, specifically designated that it may not be cited. *See Dixon v. State*, No. 03C01-9810-BC-00111, 1999 WL 685874, at *1 (Tenn. Sp. Workers Comp. August 30, 1999) (noting that "THIS OPINION IS DESIGNATED

AS NOT FOR PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY TENN. S.CT. RULE 4."). No additional caselaw is cited to support this assertion in the State's appellate brief. In addition, neither the State nor the majority cite any law to support the majority's holding that only a timely notice of appeal "confer[s] jurisdiction over [the] claim to the [Claims] Commission."

Notably, Tennessee Code Annotated Section 9-8-402(a) specifically states that timely written notice of an initial claim to the Division of Claims Administration is a "condition precedent to recovery"; no such language is included in the statute concerning an appeal of the Division of Claims Administration's decision to the Claims Commission. Here, there is no dispute that Appellee gave timely written notice of her claim to the Division of Claims Administration. Thus, the dispositive issue is whether the timely filing of an appeal of the Division of Claims Administration's decision to the Claims Commission is a jurisdictional prerequisite.

My own research has revealed no caselaw that specifically holds that the failure to timely file an appeal of a decision by the Division of Claims Administration deprives the Claims Commission of jurisdiction to consider the claim. Accordingly, this issue is an important matter that deserves significantly more consideration than allotted by the majority Opinion. As previously discussed, the timely filing of a notice of appeal is jurisdictional in the Court of Appeals. However, the same notice of appeal is not a jurisdictional prerequisite in the Court of Criminal Appeals. *See* Tenn. R. App. P. 4(a). Therefore, the failure to timely file a notice of appeal is not jurisdictional in all cases and must be determined by a close reading of the applicable statutory law and existing judicial interpretations. Because the Claims Commission ruled that Appellee's notice of appeal was timely filed pursuant to Rule 6.05, it apparently had no need to consider the effect of a late-filed notice of appeal. Consequently, I would remand to the Claims Commission to make the initial determination as to whether the timely filing of a notice of appeal is a precondition to the Claims Commission's jurisdiction. *See **In re Estate of Boykin***, 295 S.W.3d 632, 636 (Tenn. Ct. App. 2008) ("[W]e are limited in authority to the adjudication of issues that are presented and decided in the trial courts.").


_____

J.STEVEN STAFFORD, JUDGE

2