IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 25, 2017 Session

IN RE BRYSON B.

**Appeal from the Juvenile Court for Scott County**
**No. 2016-JV-44      James L. Cotton, Jr., Judge**

_____

**No. E2017-00322-COA-R3-PT**
_____

This is an appeal by the appellant, Amanda M.-B., from an order terminating her parental rights to her minor child. The order terminating the appellant's parental rights was entered on December 12, 2016. The Notice of Appeal was not filed until February 13, 2017, more than thirty (30) days from the date of entry of the final order. The Attorney General, on behalf of the appellee, Tennessee Department of Children's Services, has filed a motion to dismiss this appeal based upon the untimely filing of the Notice of Appeal. Because the record confirms that the Notice of Appeal was not timely filed, we have no jurisdiction to consider this appeal and grant the motion to dismiss.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J., D. MICHAEL SWINEY, C.J., AND CHARLES D. SUSANO, JR., J.

Garry M. Roberts, Knoxville, Tennessee, for the appellant, Amanda M.-B.

Herbert H. Slatery, III, Attorney General and Reporter, and W. Derek Green, Assistant Attorney General, General Civil Division, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

Scarlett Wynne Ellis, Oneida, Tennessee, Guardian Ad Litem.

**MEMORANDUM OPINION**[1]

_____

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no

1

A notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *see also Cobb v. Beier*, 944 S.W.2d 343, 344 n.2 (Tenn. 1997). If a Notice of Appeal is not timely, this Court is not at liberty to waive the procedural defect. *See* Tenn. R. App. P. 2; *Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Grp. v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). This is true even in a termination of parental rights appeal, notwithstanding the argument advanced by the appellant in her response to the motion to dismiss. *See, e.g.*, IN RE *Jayden B.-H.*, No. E2013-00873-COA-R3-PT; 2013 WL 4505389, * 1 (Tenn. Ct. App., filed Aug. 21, 2013). In addition, as the Advisory Commission's Comments to Rule 4(a) state, nothing in the rules of appellate procedure "or any other rule" allows the time for filing a notice of appeal "to be extended beyond the specified 30 days," although in appropriate circumstances an otherwise untimely appeal may be taken by first securing relief from the trial court pursuant to Rule 60 of the Rules of Civil Procedure. Tenn. R. App. P. 4(a), Advisory Comm'n Comment. However, such relief "is generally granted in only the most extraordinary circumstances," and "usually takes the form of vacating the original final judgment and then re-entering it thus causing the thirty day period within which to file a notice of appeal to begin to run again." *Jefferson*, 699 S.W.2d at 184-85 (Tenn. Ct. App. 1985).

The record in this case contains an order from the trial court ruling upon a motion filed pursuant to Rule 60.01 of the Tennessee Rules of Civil Procedure. The order states that the motion was accompanied by an affidavit from the trial court clerk. However, neither the Rule 60.01 motion nor the affidavit from the trial court clerk appear in the record. The order also states, without any supporting findings, that the appellant "shall have (30) days from the date of entry of this Order in which to file a Notice of Appeal regarding this case." There is no indication in the record that the trial court ever vacated and re-entered the December 12, 2016 order. The order on the Rule 60.01 motion also was entered on January 11, 2017. In other words, even if the order on the Rule 60.01 motion was sufficient to extend the time for filing a notice of appeal in this case, which it was not, the Notice of Appeal filed on February 13, 2017, was filed more than thirty (30) days after the date of entry of the January 11, 2017 order purporting to extend the time for filing a notice of appeal.

precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Accordingly, we lack jurisdiction to consider this appeal. The motion to dismiss is granted, and this appeal is dismissed. Costs on appeal are taxed to the appellant, for which execution may issue if necessary.

**PER CURIAM**