FILED

03/18/2019

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 5, 2019 Session

## STEPHEN TEAGUE ET AL. v. SHANE BRUCE

**Appeal from the Circuit Court for Campbell County**
**No. 16616    John D. McAfee, Judge**

_____

### No. E2018-02104-COA-R3-CV
_____

This is an appeal from a final order granting the petition, filed by the appellees, Stephen Teague, M.D., Mark Rasnake, M.D., University Infectious Disease, Lori Staudenmaier, D.O., and UT Family Physicians LaFollette, which sought a permanent restraining order against the appellant, Shane Bruce. The final order denying the *pro se* appellant's motion to set aside the judgment, which the Trial Court treated as a motion for new trial, was entered on January 22, 2018. The appellant did not file his Notice of Appeal until November 21, 2018, more than thirty (30) days from the date of entry of the final order. The appellees filed a motion to dismiss this appeal arguing that the Notice of Appeal was not timely filed. We conclude that the appellees' motion is well-taken and that we have no jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOHN W. MCCLARTY, J., D. MICHAEL SWINEY, C.J., AND CHARLES D. SUSANO, JR., J.

Shane Bruce, LaFollette, Tennessee, appellant, *pro se*.

Edward G. White, II and Joshua J. Bond, Knoxville, Tennessee, for the appellees.

### MEMORANDUM OPINION[1]

_____

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we have reviewed the motion to dismiss, as well as the response thereto and the appellant's premature brief, together with all accompanying documents, and have determined that the Notice of Appeal was insufficient to invoke our appellate jurisdiction to review the final judgment in the proceedings below. The only arguments advanced by the appellant, in both his premature brief and his response to the motion to dismiss, in support of his bid to have this appeal decided on the merits are that he never received the Trial Court's January 22, 2018 final order and that this appeal was brought pursuant to Rule 60 of the Tennessee Rules of Civil Procedure, which provides a mechanism for obtaining relief from a final judgment.

In order to be timely, a notice of appeal must "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *see also Cobb v. Beier*, 944 S.W.2d 343, 344 n.2 (Tenn. 1997). If a notice of appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). In addition, as the Advisory Commission's Comments to Rule 4(a) state, nothing in the rules of appellate procedure "or any other rule" allows the time for filing a notice of appeal "to be extended beyond the specified 30 days," although in appropriate circumstances an otherwise untimely appeal may be taken by first securing relief from the trial court pursuant to Rule 60 of the Tennessee Rules of Civil Procedure. Tenn. R. App. P. 4(a), Advisory Comm'n Comment. However, such relief "is generally granted in only the most extraordinary circumstances," and "usually takes the form of vacating the original final judgment and then re-entering it thus causing the thirty day period within which to file a notice of appeal to begin to run again." *Jefferson*, 699 S.W.2d at 184-85 (Tenn. Ct. App. 1985). While it appears from the Notice of Appeal that the initiation of this appeal may have been an attempt by the appellant to obtain relief from the final judgment pursuant to Rule 60,[2] we reiterate that relief pursuant to Rule 60 must be obtained from the Trial Court and not this Court.

Accordingly, we lack jurisdiction to consider this appeal. The motion to dismiss is granted, and this appeal is dismissed. Costs on appeal are taxed to the appellant, for which execution may issue if necessary.

**PER CURIAM**

---

[2]The Notice of Appeal indicated the type of appeal as "relief."